[Cite as *Everbank v. Fleming*, 2013-Ohio-3030.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### DARKE   COUNTY

EVERBANK                                     :
                                             :        Appellate Case No. 2012-CA-10
    Plaintiff-Appellant                   :
                                             :        Trial Court Case No. 12-CV-435 v.:
                                             :
                                             :
KENNETH J. FLEMING, et al.                   :
                                             :        (Civil Appeal from
    Defendants-Appellees                  :         Common Pleas Court)
                                             :

. . . . . . . . . .

### O P I N I O N

Rendered on the 12th day of July, 2013.

. . . . . . . . . .

STEVEN E. ELDER, Atty. Reg. #0009066, and ANDREW P. GEORGE, Atty. Reg. #0071311,
Steven E. Elder Co., L.P.A., 731 Fife Avenue, Wilmington, Ohio 45177
    Attorneys for Plaintiff-Appellant

KENNETH J. FLEMING, 7208 State Route 118, Greenville, Ohio 45331
    Defendant-Appellee, *pro se*

. . . . . . . . . . . .

HALL, J.,

{¶ 1}     Everbank appeals from the trial court's entry of final judgment on a foreclosure complaint against defendant-appellees Kenneth and Deana Fleming.[1]

---

[1]The complaint also named as defendants Mortgage Electronic Registration Systems, Inc. and the Darke County Treasurer. These defendants are not implicated in the present appeal.

**{¶ 2}** In its sole assignment of error, Everbank contends the trial court erred in finding that the value of Deana Fleming's dower interest in mortgaged property must be paid to her from the proceeds of a foreclosure sale. The Flemings have not filed a brief on appeal.

**{¶ 3}** The record reflects that Kenneth Fleming borrowed $126,860 from Trustcorp Mortgage Company in December 2003. The loan was evidenced by a note signed by Kenneth. (Doc. #1 at Exh. A). To secure the loan, Kenneth mortgaged property he owned in Greenville, Ohio. Kenneth and Deana both signed the mortgage document. Deana signed only to release her dower interest because she was not on the title to the property. But the notarized acknowledgment clause failed to include Deana's name. (*Id*. at Exh. B). In May 2011, Kenneth entered into a loan-modification agreement that extended the term of his loan and lowered the interest rate. (*Id*. at Exh. D). The loan-modification agreement referenced both the prior note and the mortgage. Kenneth and Deana signed the loan-modification. As she had done before, Deana signed the loan-modification only to release her dower interest in the property securing the loan. The notarized acknowledgment clause in the loan-modification agreement contained both Kenneth's and Deana's name. Everbank obtained the mortgage by assignment on June 29, 2012. (*Id*. at Exh. C). It previously had obtained the note. (Doc. #24, Exh. A, ¶8).

**{¶ 4}** On July 9, 2012, Everbank filed its foreclosure complaint, alleging default under the note and mortgage. Everbank moved for default judgment on September 19, 2012. (Doc. #20). It later filed an amended motion for default judgment. (Doc. #24). The amended motion addressed an issue raised by the trial court, to wit: the lack of a notarized acknowledgment of Deana's signature on the mortgage document. Everbank argued that this omission did not render the mortgage invalid or provide the Flemings, who had not answered the complaint, with a

defense. On October 18, 2012, the trial court filed a final judgment in rem. (Doc. #25). It found the Flemings in default but observed that their debts had been discharged through bankruptcy. The trial court also found Everbank entitled to foreclose under the mortgage and ordered the property sold. The trial court's judgment includes the following language: "Due to invalid dower conveyance, the value of the dower interest of Deana M. Fleming, shall be paid to her at confirmation after payment of costs, taxes and assessments and prior to disbursement to Plaintiff." (*Id*. at 2).

**{¶ 5}** On appeal, Everbank contends the trial court abused its discretion in awarding Deana Fleming her dower interest. We agree. A mortgage lacking a notarized acknowledgment of a signature is defective. *Citizens Nat. Bank v. Denison*, 165 Ohio St. 89, 133 N.E.2d 329 (1956); R.C. 5301.01. In the absence of fraud, however, that defect does not render the terms of the mortgage unenforceable as between the parties thereto. *Id*. at 332; *see also CitiMortgage, Inc. v. Kermeen*, 2d Dist. Darke No. 2011 CA 2, 2012-Ohio-1655, ¶48 (reasoning that omission of the mortgagor's wife's name from the acknowledgment clause of a mortgage did not preclude the mortgage from securing the wife's interest in the property). This is so because the purpose of an acknowledgment is to provide third parties with evidence of execution and to provide authority for recording the instrument. *Citizens Nat. Bank* at 332; see also *CitiMortgage* at ¶48, quoting *Seabrooke v. Garcia*, 7 Ohio App.3d 167, 169, 454 N.E.2d 961 (9th Dist. 1982) ("The 'reasoning behind such a rule is to bind the parties to that which they intended. The purpose of the acknowledgment statute (R.C. 5301.01) is to provide evidence of execution and authority for recordation. It is not to provide a way of escape for a party who later wishes to renege on his agreement.'").

**{¶ 6}**   Based on the foregoing authority, and finding no evidence of fraud, we hold that omission of Deana's name from the notarized acknowledgment in the mortgage document did not entitle her to retain her dower interest. Without an answer filed by Deana, and without any apparent fraud, there was no factual dispute that she had signed the mortgage as a borrower for the express purpose of "releasing her dower interest herein." As between the parties to the mortgage, this release was effective without a notarized acknowledgment of her signature. In addition, Deana subsequently signed the loan-modification agreement, which specifically referenced the note and the mortgage. In so doing, she again expressly released her dower interest. Moreover, the loan-modification agreement did include a notarized acknowledgment of Deana's signature. Under these circumstances, the trial court acted unreasonably, and thereby abused its discretion, in awarding Deana her dower interest.

**{¶ 7}**   Everbank's assignment of error is sustained. The judgment of the Darke County Common Pleas Court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FAIN, P.J., and DONOVAN, J., concur.

Copies mailed to:

Steven E. Elder
Andrew P. George
Kenneth J. Fleming
Hon. Jonathan P. Hein