[Cite as *Wells Fargo Bank v. Hammond*, 2014-Ohio-5270.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100141**

**WELLS FARGO BANK, N.A.**

PLAINTIFF-APPELLEE

vs.

**DARIA SNEED HAMMOND, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-755313

**BEFORE:** Celebrezze, J., Boyle, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 26, 2014

**ATTORNEYS FOR APPELLANTS**

Marc Dann
Grace Doberdruk
Daniel M. Solar
Dann Doberdruk & Harshman, L.L.C.
P.O. Box 6031040
Cleveland, Ohio   44103

James R. Douglass
James R. Douglas Co., L.P.A.
4600 Prospect Avenue
Cleveland, Ohio   44103


**ATTORNEYS FOR APPELLEES**

**For Wells Fargo Bank, N.A.**

Scott A. King
Jessica E. Salisbury-Cooper
Thompson Hine, L.L.P.
Austin Landing I
10050 Innovation Drive
Suite 400
Miamisburg, Ohio   45342

Richard A. Freshwater
Laura L. Watson
Thompson Hine, L.L.P.
3900 Key Center
127 Public Square
Cleveland, Ohio   44114

April A. Brown
Adam R. Fogelman
Maria T. Williams
Lerner, Sampson & Rothfuss, L.P.A.
120 East Fourth Street
8th Floor
Cincinnati, Ohio 45202                                continued...
Richard T. Craven
Sikora Law, L.L.C.
88 West Main Street
Columbus, Ohio   43215

Michael J. Sikora, III
Sikora Law, L.L.C.
8532 Mentor Avenue
Mentor, Ohio   44060

Michael L. Wiery
30455 Solon Road
Solon, Ohio   44139

**For Defendant Fifth Third Bank**

Fifth Third Bank, pro se
c/o Legal Department
530 Walnut Street
7th Floor
Cincinnati, Ohio   45202

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Daria Sneed Hammond ("appellant"), appeals the trial court's decision to grant summary judgment in favor of plaintiff-appellee, Wells Fargo Bank, N.A. ("Wells Fargo"). Finding no merit to the appeal, we affirm.

## I. Statement of the Facts

{¶2} On September 24, 2004, appellant executed a promissory note (the "original note"), with a principal balance of $220,500, in favor of Green Point Mortgage Funding, Inc. The note was secured by a mortgage (the "original mortgage") naming Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Green Point and its successors. The original mortgage was secured by the real property located at 4150 Lander Road, Chagrin Falls, Ohio, 44022.

{¶3} In 2006, appellant applied to refinance the original note, completing and executing three loan applications in which she stated that she was unmarried and held title to the property as a single woman. On July 13, 2006, appellant executed the note in the principal amount of $225,250 in favor of Taylor Bean & Whitacre Mortgage Corp. ("TBWM"). To secure payment of the note, appellant executed a mortgage in favor of MERS as nominee for TBWM and its successors. The notary acknowledgment following appellant's signature on the mortgage states that she signed as "unmarried." Appellant's husband, Michael Hammond, did not sign the mortgage. As a result of the refinance transaction, the original note was paid in full and the original mortgage was released.

{¶4} While TBWM continued to service appellant's loan, ownership of the note was transferred to Federal Home Loan Mortgage Corporation ("Freddie Mac").

{¶5} In 2008, Wells Fargo took possession of the original note and began servicing the loan. On February 17, 2010, MERS executed a notice of assignment of mortgage reflecting the assignment of the mortgage from TBWM to Wells Fargo.

{¶6} In May 2009, appellant failed to make a monthly mortgage payment. In June 2009, appellant made a payment in the amount of $2,122.85. In July 2009, appellant again failed to make a payment. By letter dated July 19, 2009, Wells Fargo advised appellant that she was in default and that her failure to pay $6,600.11 on or before August 18, 2009, could result in acceleration of the balance due and foreclosure.

{¶7} In August 2009, appellant made a payment of $2,122.85, but failed to bring her loan current. No further payments were made toward the outstanding balance. As of August 30, 2012, appellant owed on the note the principal amount of $217,670.04, plus interest at the rate of 6.75 percent, from and after June 1, 2009.

## II. Procedural History

{¶8} Following appellant's unsuccessful attempts to modify her loan, Wells Fargo filed a foreclosure action on March 1, 2010, in Cuyahoga C.P. No. CV-10-719763.

{¶9} On December 6, 2010, appellant filed an answer and counterclaim asserting claims for violations of the Fair Debt Collections Practices Act and Consumer Sales Practices Act, invasion of privacy by intrusion upon seclusion, negligent or intentional infliction of emotional distress, wrongful foreclosure, and breach of fiduciary duty. On February 11, 2011, the trial court granted Wells Fargo's motion to dismiss appellant's counterclaim with prejudice. On April 27, 2011, the trial court granted appellant's motion to dismiss Wells Fargo's complaint without prejudice based on the bank's failure to attach a signed copy of the promissory note to its complaint.

{¶10} On May 16, 2011, Wells Fargo filed a second complaint against appellant and Mr. Hammond seeking the balance due on the note, to foreclose on the mortgage, and to reform the mortgage to reflect appellant's marital status. The complaint also sought estoppel by mortgage and a declaratory judgment relating to the dower rights of Mr. Hammond.

{¶11} On October 28, 2011, appellant filed an answer and counterclaim asserting claims against Wells Fargo for violations of the Fair Debt Collections Practices Act and Consumer Sales Practices Act, invasion of privacy, fraud, and breach of fiduciary duty.

{¶12} On September 4, 2012, Wells Fargo filed a motion for summary judgment seeking judgment on the complaint and counterclaims. On October 3, 2012, appellant filed her memorandum in opposition to summary judgment. On October 19, 2012, the trial court issued a journal entry granting judgment in favor of Wells Fargo on its claim for foreclosure and appellant's counterclaims. The trial court further ordered Wells Fargo to submit a proposed magistrate's decision and judgment entry.

{¶13} On February 13, 2013, the trial court held a hearing on the remaining counts raised in Wells Fargo's complaint relating to the dower interest of Mr. Hammond. On March 21, 2013, Wells Fargo filed a motion for determination of Mr. Hammond's dower interest. On April 3, 2013, the trial court issued a journal entry finding the value in Mr. Hammond's dower interest to be $4,896.

{¶14} On April 4, 2013, the magistrate issued a decision and judgment entry granting judgment in favor of Wells Fargo and against appellant for the balance due on the note and to foreclose the mortgage. The magistrate ordered that the mortgage be reformed to reflect appellant's marital status, but that Mr. Hammond's dower interest was to be paid out of the

proceeds of the sheriff's sale. Finally, the magistrate granted judgment in favor of Wells Fargo on appellant's counterclaims.

**{¶15}** On April 17, 2013, appellant filed objections to the magistrate's decision. On June 25, 2013, the trial court issued an order overruling appellant's objections and adopting the magistrate's decision in full.

**{¶16}** Appellant now brings this timely appeal, raising six assignments of error[1] for review.

### III. Law and Analysis

### A. Standard of Review

**{¶17}** Pursuant to Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion and that conclusion is adverse to the nonmoving party.

**{¶18}** When moving for summary judgment, the moving party carries the initial burden of setting forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact. *Id*. at 293.

---

[1] Appellant's assignments of error are set forth in the appendix to this opinion.

**{¶19}** To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present "evidentiary-quality materials" establishing: (1) that the plaintiff is the holder of the note and mortgage or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due. *HSBC Bank USA, N.A. v. Surrarrer*, 8th Dist. Cuyahoga No. 100039, 2013-Ohio-5594, ¶ 16, citing *U.S. Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 10.

### B. Inconsistent Notes

**{¶20}** In her first assignment of error, appellant argues that the trial court erred in granting summary judgment in favor of Wells Fargo where the note attached to the complaint and the note attached to the affidavit of Wells Fargo's Vice President of Loan Documentation, Robert Bateman, contained different indorsements. Appellant contends that the inconsistencies create an issue of material fact for trial.

**{¶21}** We acknowledge the variance between the note attached to the complaint containing the specific indorsement to Wells Fargo and the note indorsed in blank attached to the motion for summary judgment. However, as this court has previously stated, "[t]he mere fact that there were two different copies of the note in the record * * * does not mandate a finding that one of the notes was 'unauthentic' or otherwise precludes summary judgment." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 59, citing *Adams*, *supra*.

**{¶22}** Appellant relies on *Fannie Mae v. Trahey*, 9th Dist. Lorain No. 12CZ010209, 2013-Ohio-3071, to support her position that the existence of multiple copies of the note required

the denial of summary judgment. In *Trahey*, the Federal National Mortgage Association ("Fannie Mae") filed two copies of the promissory note, each containing different indorsements. The first note was indorsed by Sirva Mortgage, Inc. to blank. The second promissory note, attached to an amended complaint, showed that Sirva indorsed the note to CitiMortgage and CitiMortgage indorsed the note to blank. Neither copy of the note indicated dates for the indorsements. Thus, it was impossible for the court to determine who was the holder of the note, and had standing to bring suit, at the time the foreclosure action was filed, creating a genuine issue of material fact.

{¶23} Contrary to the facts of *Trahey*, there are no similar confusions or material discrepancies in this case. As outlined above, Wells Fargo established that it was in physical possession of the original note from at least 2008 to date. This case simply involves the submission of a copy of the promissory note made *prior* to its special indorsement to Wells Fargo, and a copy of the note made *after* the special indorsement was made. Wells Fargo admits that Robert Bateman unintentionally attached an outdated copy of the note to his affidavit, and appellant has not presented any evidence to refute Wells Fargo's statement that the inclusion of the note containing the blank indorsement was a clerical mistake. *See Natl. City Real Estate Servs. L.L.C. v. Shields*, 11th Dist. Trumbull No. 2012-T-0076, 2013-Ohio-2839, ¶ 27; *CitiMortgage, Inc. v. Schippel*, 6th Dist. Erie No. E-11-041, 2012-Ohio-3511.

{¶24} Accordingly, we find that Wells Fargo has sufficiently established that it was the holder of the note at the time it filed its foreclosure complaint, either as holder of bearer paper or holder of a specific indorsement.

{¶25} Appellant's first assignment of error is overruled.

**C. Notice of Default and Acceleration**

{¶26} In her second assignment of error, appellant argues that the trial court erred in granting summary judgment in favor of Wells Fargo because: (1) Robert Bateman's affidavit does not specify how the July 19, 2009 notice of default and acceleration letter was mailed; and (2) the letter was not sent by Freddie Mac as required by the mortgage. We find no merit to appellant's argument.

{¶27} Paragraph 22 of appellant's mortgage provides as follows:

Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument * * *. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure.

Paragraph 15 of the mortgage details how notices must be sent. That provision, in relevant part, states that

[a]ll notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise.

{¶28} With respect to the issue of notice, Robert Bateman's affidavit stated the following:

By letter dated July 19, 2009, Wells Fargo advised [appellant] that she was in default and failure to cure default by paying $6,600.11 on or before August 18, 2009 could result in acceleration and foreclosure. (A copy of the July 19, 2009 letter is attached as Exhibit 15.)

Appellant correctly asserts that Robert Bateman's affidavit does not specify how the notice of default and acceleration letter was mailed or otherwise sent to her. However, the deposition

testimony attached to Wells Fargo's motion for summary judgment demonstrates that appellant freely admitted that she received the notice of default and acceleration in a letter dated July 19, 2009. Thus, the evidence establishes that, at the very least, Wells Fargo satisfied its obligation to "deliver" notice of default and acceleration to appellant's address.

{¶29} Accordingly, we find that Wells Fargo presented evidentiary quality materials showing that all conditions precedent to foreclosure were satisfied. Moreover, we find no merit to appellant's position that Freddie Mac was required to send the notice of default and acceleration. Wells Fargo, as the lender and servicing agent, was obligated to comply with, and did comply with, the notice provisions of the note and mortgage.

{¶30} Appellant's second assignment of error is overruled.

### D. Personal Knowledge of Affidavit

{¶31} In her third assignment of error, appellant argues that the trial court erred by relying on the affidavit of Robert Bateman in support of Wells Fargo's motion for summary judgment. Appellant asserts that the averments in Bateman's affidavit suggest that it is unlikely that he has personal knowledge of the facts. Appellant notes, for instance, that while Bateman averred that he has access to and is familiar with Wells Fargo's business records, there is nothing in the affidavit showing that he personally viewed the original copy of the promissory note and compared it to the copy attached to his affidavit, as required under *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-000291, 2011-Ohio-3203, ¶ 46-51. Appellant also contends that Bateman's affidavit failed to state that he viewed the original note as opposed to an electronic scan of the note. *See HSBC Mtge. Servs. Inc. v. Edmon*, 6th Dist. Erie No. E-11-046, 2012-Ohio-4990.

**{¶32}** We disagree and find that the affidavit was sufficiently based on personal knowledge for Civ.R. 56(E) purposes.

**{¶33}** Civ.R. 56(E), which sets forth the requirements for affidavits submitted on summary judgment, provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.

**{¶34}** In *Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 20, this court stated:

> Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated.

Moreover, this court has previously held that there is no requirement that an affiant explain the basis for her personal knowledge where her personal knowledge can be reasonably inferred based on the affiant's position and other facts contained in the affidavit. *Nationstar Mtge., L.L.C. v. Perry*, 8th Dist. Cuyahoga No. 99497, 2013-Ohio-5024, ¶ 15, citing *Najar* at ¶ 74.

**{¶35}** Here, Bateman attested that he has access to Wells Fargo's business records pertaining to the records of its customers and that he personally reviewed the records relating to the note and mortgage signed and executed by appellant. Bateman further averred that the records were made at or near the time of the occurrence of the matters recorded by persons with personal knowledge or from information transmitted by persons with personal knowledge, that the records were kept in the course of Wells Fargo's regularly conducted business, and that it was

the regular practice of the bank to make such records. Based on his review of those records, Bateman averred, "I have personal knowledge of and am competent to testify as to all matters stated in this affidavit."

**{¶36}** In our view, the nature of the facts stated in Bateman's affidavit, combined with his identity as revealed through the position he holds at Wells Fargo and his duties there, creates a reasonable inference that Bateman has personal knowledge of the facts contained in his affidavit. Thus, Bateman's affidavit was sufficient to establish that he had personal knowledge of the matters relevant to this case, including that Wells Fargo possessed the original promissory note since 2008. *See Bank of Am. v. Lynch*, 8th Dist. Cuyahoga No. 100457, 2014-Ohio-3586.

**{¶37}** As for the decision of the Fifth District Court of Appeals in *Wachovia Bank of Delaware, N.A.*, 2011-Ohio-3203 at ¶ 46, 49, which provides that summary judgment affidavits based on documents must include an averment that the affiant compared copies of the documents attached to the affidavit with the originals, this court has not adopted this as a requirement under Civ.R. 56(E), nor do we intend to do so because the Ohio Supreme Court has not made this a requirement of Civ.R. 56(E). *See HSBC Mtge. Servs. v. Williams*, 12th Dist. Butler No. CA2013-09-174, 2014-Ohio-3778.

**{¶38}** Finally, we find appellant's reliance on *Edmon* to be misplaced. In *Edmon*, the Sixth District held that the trial court erred in granting summary judgment to the bank where the borrower demonstrated a triable issue of fact as to the authenticity of the promissory note by offering testimony showing that the loan servicing officer did not review the original promissory note prior to swearing in her affidavit that the copy of the note attached to complaint was a true and accurate copy of the original. In *Edmon*, the servicing officer admitted at her deposition that she never viewed the original note. In the case at hand, however, appellant has provided this

court with no evidence to suggest that Bateman reviewed only imaged copies of the documents he claimed to authenticate in his affidavit. Thus, there is no triable issue relating to Bateman's personal knowledge in this matter.

{¶39} Appellant's third assignment of error is overruled.

### E. Reformation of Mortgage

{¶40} In her fourth assignment of error, appellant argues that the trial court erred by reforming the mortgage when there was no mutual mistake.

{¶41} Reformation is available where it is shown that a written instrument does not express the true agreement entered into between the contracting parties by reason of a mutual mistake. *Wagner v. Natl. Fire Ins. Co.*, 132 Ohio St. 405, 412, 8 N.E.2d 144 (1937). In such a case, the equitable remedy of reformation is available in order to make the writing conform to the real intention of the parties. *Id.*

{¶42} In the case at hand, appellant argues that it was the intent of the parties for appellant to sign the mortgage in her individual capacity, and therefore there was no mutual mistake. However, appellant's own deposition testimony states otherwise. Specifically, appellant testified that her statements in the loan applications that she was unmarried at the time she executed them were a "mistake." Moreover, we find that the evidence supports Wells Fargo's position that it was always the parties' intent to have the mortgage designated as the first and best lien on the subject property.

{¶43} In our view, appellant's argument that the original lender knew of her marital status but permitted her to sign in her individual capacity, and thereby intentionally subjected itself to the superior dower rights of the unknown spouse, is unpersuasive. Instead, we find that the evidence supports the trial court's finding of a mutual mistake.

**{¶44}** Appellant's fourth assignment of error is overruled.

## F. Freddie Mac's Interest

**{¶45}** In her fifth assignment of error, appellant argues that the trial court erred by granting a judgment of foreclosure when Freddie Mac was the owner of the mortgage but was not a named party to the foreclosure. Appellant further contends that summary judgment was inappropriate where Wells Fargo was not the owner of the note when the complaint was filed. We find no merit to appellant's argument.

**{¶46}** In this case, Wells Fargo was the holder of the subject note and mortgage and was entitled to enforce the instruments. Contrary to appellant's argument, it was not additionally required to prove that it was the "owner" of the note and mortgage. *See Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 58. Further, Freddie Mac's status as guarantor of the loan provides the institution with no rights to enforce the obligations under the note and mortgage. Complete relief could be granted without Freddie Mac's presence in this case. *See* Civ.R. 19(A). Accordingly, despite the classification of Freddie Mac as the owner of the debt, the institution is not a necessary party to this foreclosure litigation. Appellant has provided this court with no case law to hold otherwise.

**{¶47}** Appellant's fifth assignment of error is overruled.

## G. Appellant's Counterclaim

**{¶48}** In her sixth assignment of error, appellant argues that the trial court erred when it dismissed her Fair Debt Collection Practices Act ("FDCPA") counterclaim. We disagree.

**{¶49}** Appellant alleges that Wells Fargo violated certain provisions of the FDCPA, all of which involve restrictions against false or misleading representations regarding mortgage debt and the collection thereof. The general proscription reads: "A debt collector may not use any

false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. 1692e.

**{¶50}** The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors," as distinguished from creditors. 15 U.S.C. 1692. A debt collector refers to "any business the principal purpose of which is the collection of any debts * * *." A creditor, on the other hand, refers to an entity that "offers or extends credit creating a debt or to whom a debt is owed."

**{¶51}** In the instant case, appellant's counterclaim fails as a matter of law. It is well established that creditors and mortgage service companies are not "debt collectors" and are not subject to liability under the FDCPA. *RBS Citizens, N.A. v. Zigdon*, 8th Dist. Cuyahoga No. 93945, 2010-Ohio-3511, ¶ 41, citing *Scott v. Wells Fargo Home Mtge. Inc.*, 326 F.Supp.2d 709 (E.D.Va.2003). *See also Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir.2003). Thus, Wells Fargo is not subject to the FDCPA because it is not a debt collector as envisioned by the statute.

**{¶52}** Appellant's sixth assignment of error is overruled.

### III. Conclusion

**{¶53}** Based on the foregoing, the trial court did not err in granting summary judgment in favor of Wells Fargo.

**{¶54}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
LARRY A. JONES, SR., J., CONCUR

APPENDIX

Appellant's assignments of error:

I.     The trial court erred by granting appellee's motion for summary judgment when a material issue of fact remained for trial because the note attached to the complaint and produced at deposition was different from the note indorsed in blank attached as an exhibit to the affidavit of Robert Bateman.

II.     The trial court erred by granting appellee Wells Fargo's motion for summary judgment because there was no testimony of how the acceleration letter attached to appellee's affidavit was mailed and the letter was not sent by Freddie Mac.

III.     The trial court erred by relying on the affidavit of Robert Bateman filed in support of appellee's motion for summary judgment because the affidavit was not made upon personal knowledge.

IV.     The trial court erred by reforming the mortgage when there was no mutual mistake.

V.     The trial court erred by granting a judgment of foreclosure when Freddie Mac was the owner of appellant Daria Hammond's mortgage and Freddie Mac was not a party to the foreclosure.

VI.     The trial court erred when dismissing appellant's Fair Debt Collection Practices Act "FDCPA" counterclaim when appellee did not own the note and mortgage and made false representations.