[Cite as *Cent. Mtge. Co. v. Seye*, 2017-Ohio-8713.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Central Mortgage Company, | : | |
| Plaintiff-Appellee, | : | No. 16AP-323 |
| | | (C.P.C. No. 14CV-8775) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Mamadou Seye et al., | : | |
| Defendants-Appellants. | : | |

# D E C I S I O N

## Rendered on November 28, 2017

**On brief:** *Lerner, Sampson & Rothfuss, Adam J. Turer*, *Sikora Law LLC, Michael J. Sikora, III, Richard T. Craven*, and *C. Richley Raley, Jr.*, for appellee. **Argued:** *Adam J. Turer* and *C. Richley Raley, Jr.*

**On brief:** *The Dann Law Firm, Brian D. Flick*, and *Marc E. Dann*, for appellants. **Argued:** *Brian D. Flick*.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendants-appellants, Mamadou Seye and Fatou Babacar Kebe (collectively "appellants"), from entries of the Franklin County Court of Common Pleas granting summary judgment and a decree in foreclosure in favor of plaintiff-appellee, Central Mortgage Company ("Central Mortgage").

{¶ 2} In September 2004, Mamadou Seye (individually "Seye") and Mohamad Kebe[1] (individually "Kebe") purchased residential real estate located on Sowers Drive in

---

[1] On appeal, Central Mortgage acknowledges that, subsequent to the filing of the complaint, Mohamad Kebe filed a Chapter 7 bankruptcy petition. As a result, Central Mortgage does not seek a personal judgment against Kebe.

Canal Winchester. In order to purchase the property, Seye and Kebe (collectively "defendants") executed a promissory note to Washtenaw Mortgage Company ("Washtenaw Mortgage") in the amount of $152,000. The loan was secured by a mortgage in which Mortgage Electronic Registration Systems, Inc. ("MERS") acted as the nominee on behalf of the lender, Washtenaw Mortgage. Washtenaw Mortgage retained Pillar Title Agency, LTD ("Pillar Title") to serve as the title, escrow, and closing agent for the purchase transaction.

{¶ 3} On August 22, 2014, Central Mortgage filed a complaint in foreclosure alleging defendants were in default on a promissory note held by Central Mortgage and secured by a mortgage assigned to it by Washtenaw Mortgage. The complaint alleged a balance due in the amount of $137,512.53, plus interest from July 1, 2011.

{¶ 4} On October 10, 2014, defendants filed an answer, counterclaim, and third-party complaint against Pillar Title and Stewart Title Company ("Stewart Title"). In the counterclaim, defendants alleged a cause of action for breach of contract against Central Mortgage, while defendants' third-party complaint alleged causes of action against Pillar Title and Stewart Title for breach of contract, negligence, and unjust enrichment. On November 6, 2014, Central Mortgage filed a reply to defendants' counterclaim.

{¶ 5} On November 14, 2014, Central Mortgage filed a motion for leave to file an amended complaint in foreclosure and for reformation of deed and mortgage, declaratory judgment, and equitable lien. By entry filed December 10, 2014, the trial court granted Central Mortgage's motion for leave to file an amended complaint. On December 15, 2014, defendants filed an answer to the amended complaint. On February 17, 2015, Seye filed a motion for leave to file an amended answer and counterclaim, which the trial court subsequently granted.

{¶ 6} On September 28, 2015, Central Mortgage filed a motion for summary judgment against defendants. On October 26, 2015, defendants filed a response in opposition to the motion for summary judgment. On November 2, 2015, Central Mortgage filed a reply in support of its motion for summary judgment.

{¶ 7} By decision and entry filed March 29, 2016, the trial court granted Central Mortgage's motion for summary judgment against defendants and dismissed defendants' counterclaims. On April 20, 2016, the trial court filed a judgment entry and decree in

foreclosure in favor of Central Mortgage. In its entry, the trial court found scrivener's error and mutual mistake and granted reformation of the mortgage to include the names of Kebe and Seye in the acknowledgement clause of the mortgage; the court's entry also included a determination there was no just reason for delay in entering judgment.

{¶ 8} On appeal, appellants set forth the following three assignments of error for this court's review:

> [I.] The Trial Court erred as a matter of law in finding two different versions of the Note do not create a factual issue under *Lackey* and *George*.
>
> [II.] The Trial Court improperly found that the Plaintiff had satisfied all conditions precedent to foreclosure.
>
> [III.] The Trial Court erred in granting reformation of the mortgage to the Plaintiff.

{¶ 9} At issue on appeal is the propriety of the trial court's decisions granting summary judgment and a decree of foreclosure in favor of Central Mortgage. In order to obtain summary judgment, a movant is required to show that "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996). This court's review of a trial court's decision on summary judgment is de novo. *New Destiny Treatment Ctr., Inc. v. Wheeler,* 129 Ohio St.3d 39, 2011-Ohio-2266, ¶ 24.

{¶ 10} In order to support a motion for summary judgment in a foreclosure action, a plaintiff is required to set forth evidentiary materials establishing: " '(1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.' " *Regions Bank v. Seimer,* 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 19, quoting *Deutsche Bank Natl. Trust Co. v. Najar,* 8th Dist. No. 98502, 2013-Ohio-1657, ¶ 17.

{¶ 11} Under the first assignment of error, appellants argue the trial court had two different photocopied versions of the promissory note to consider in ruling on the motion

for summary judgment. Specifically, appellants note that Central Mortgage, in its complaint for foreclosure and motion for summary judgment, presented a version of the promissory note that contained a blank indorsement on the signature page executed by the supervisor for Washtenaw Mortgage and authenticated as the business record of Central Mortgage by Natalie Kenny. Appellants argue they offered a competing version of the note (attached as exhibit No. 2 to their reply to Central Mortgage's motion for summary judgment) that contained no indorsement. Appellants maintain the existence of multiple versions of the note presents a genuine issue of material fact regarding Central Mortgage's entitlement to enforce the note.

{¶ 12} In support, appellants cite this court's decisions in *FV-I, Inc. v. Lackey,* 10th Dist. No. 13AP-983, 2014-Ohio-4944, and *U.S. Bank N.A. v. George,* 10th Dist. No. 14AP-817, 2015-Ohio-4957. In *Lackey*, this court found a genuine issue of material fact precluded summary judgment where the plaintiff-appellee submitted two different versions of a promissory note in which "each version of the Note * * * contain[ed] endorsements, but the endorsements [were] different between the two versions." *Id.* at ¶ 18. Specifically, in *Lackey,* the version of the note attached to the original complaint included "an allonge bearing an undated endorsement from PNC Bank, National Association, as successor by merger to First Franklin (the original lender) to appellee," while the second version, filed as an amended exhibit to the original complaint, contained on the left side "an undated endorsement from First Franklin to First Franklin Financial Corporation," and on the right side "an undated endorsement from First Franklin Financial Corporation to appellee." *Id.* at ¶ 15. In *George* at ¶ 23, this court found genuine issues of material fact precluded summary judgment where the appellee-bank submitted two different copies of the promissory note in which one of the copies did not include allonges and an indorsement (contained in the other copy), and which "did not establish appellee as the holder.

{¶ 13} In response, Central Mortgage argues the only copies of the promissory note that are part of the record in the instant action contain the same blank indorsement. Specifically, Central Mortgage contends the copies of the original note attached to both its amended complaint and affidavit are identical. Central Mortgage asserts that appellants have attempted to introduce copies of promissory notes filed in a 2008 foreclosure action

against appellants and in a 2009 bankruptcy case involving Kebe. Central Mortgage maintains that copies of a promissory note introduced in a prior foreclosure action six years earlier or from a bankruptcy case five years earlier are immaterial to the issues of the instant action.

{¶ 14} We begin with an overview of the summary judgment evidence. In support of its motion for summary judgment, Central Mortgage submitted the affidavit of its officer, Natalie Kenny, who averred she has "personal knowledge of the operation of and the circumstances surrounding the maintenance and retrieval of business records in Central's record keeping systems." (Kenny Aff. at ¶ 2.) According to the affidavit, Washtenaw Mortgage retained Pillar Title "to serve as the title, escrow, and closing agent for the purchase transaction in the amount of $152,000.00 that [Washtenaw Mortgage] loaned to Mamadou Seye and Mohamed Kebe." (Kenny Aff. at ¶ 4.)

{¶ 15} Kenny averred that Kebe executed a limited specific power of attorney on September 18, 2004, in which Kebe nominated and appointed Seye as his attorney-in-fact to perform certain actions with respect to the purchase and sale of the property on behalf of Kebe; the power of attorney was recorded in the Franklin County Recorder's Office on September 24, 2004.

{¶ 16} The affidavit averred that Kebe and Seye applied for and received a loan in the amount of $152,000 through Washtenaw Mortgage's agent to purchase the real property located on Sowers Drive in Canal Winchester. The closing for the transaction occurred on September 20, 2004. Seye and Kebe executed and delivered to Washtenaw Mortgage a note, dated September 20, 2004, in the original amount of $152,000; Seye executed the note on behalf of Kebe as his attorney-in-fact.

{¶ 17} According to Kenny, the note "has been indorsed in blank by Washtenaw [Mortgage]." Kenny further averred that "[a]t the time of the filing of the Complaint * * * and continuously since, Central [Mortgage] had and has possession of the original Note." (Kenny Aff. at ¶ 11.)

{¶ 18} As security for the promissory note, Seye and Kebe executed a mortgage, dated September 20, 2004, in favor of MERS "solely as nominee for Washtenaw [Mortgage], its successors and assigns." (Kenny Aff. at ¶ 12.) Seye executed the mortgage

on behalf of Kebe as his attorney-in-fact. The mortgage was recorded in the Franklin County Recorder's Office on September 24, 2004.

{¶ 19} Kenny averred that, by an assignment dated November 7, 2008, MERS, as nominee for Washtenaw Mortgage, "assigned the Mortgage to Central Mortgage * * * its successors and assigns." (Kenny Aff. at ¶ 13.) The assignment was recorded in the Franklin County Recorder's Office on December 12, 2008.

{¶ 20} The affidavit further averred that "payments have not been made as required under the terms of the Note and Mortgage," and that "the account is due and owing for the August 1, 2011 payment with interest running from July 1, 2011." (Kenny Aff. at ¶ 15.) Central Mortgage, by correspondence dated May 21, 2014, "informed Kebe and Seye * * * that their loan was in default for failure to make payments due." (Kenny Aff. at ¶ 16.)

{¶ 21} In appellants' reply to Central Mortgage's motion for summary judgment, appellants submitted the affidavit of a paralegal who averred she had "searched the Franklin County Docket for various documents related to a 2008 foreclosure for Mamadou Seye." (Twyford Aff. at ¶ 5.) Attached to appellants' motion was a copy of an affidavit of Janice Davis, vice-president of Central Mortgage, dated December 26, 2008, in which Davis averred that Seye and Kebe were in default for failure to pay monthly installments of principal and interest pursuant to the note. Appellants also attached a copy of a promissory note with no indorsement and bearing the signatures of Seye and Kebe.

{¶ 22} In addressing appellants' claim that there were competing versions of the promissory note, the trial court found that Central Mortgage's "2008 foreclosure action is of little import in light of [appellants'] successive defaults." The trial court also cited Ohio law, i.e., *Najar* at ¶ 59, for the proposition that "it is well-established that '[t]he mere fact that there [are] two different copies of the note in the record—one with indorsement and one without—does not mandate a finding that one of the notes was "unauthentic" or otherwise precludes summary judgment.' " (Mar. 29, 2016 Decision & Entry at 4.)

{¶ 23} Based upon this court's de novo review, we find no error with the trial court's determination that there was no genuine issue of material fact that Central Mortgage was the holder of the note and assignee of the mortgage at the time it filed the

amended complaint.  The record on appeal indicates that both copies of the promissory note submitted by Central Mortgage with its amended complaint and its motion for summary judgment contain the same blank indorsement (i.e., endorsed by Washtenaw Mortgage in blank).  Both copies of the note also contain the signatures of Kebe (by Seye as attorney-in-fact) and Seye.  Kenny averred in the affidavit that the promissory note "has been indorsed in blank by Washtenaw [Mortgage]," and that Central Mortgage, "[a]t the time of the filing of the Complaint * * * and continuously since * * * had and has possession of the original Note."  (Kenny Aff. at ¶ 11.)  Kenny further averred that MERS, as nominee for Washtenaw Mortgage, assigned the mortgage to Central Mortgage, and that the assignment was recorded on December 12, 2008.  Attached to Kenny's affidavit as exhibit E was a copy of the assignment from MERS to Central Mortgage.  Also attached to the affidavit as exhibit C was a copy of the mortgage bearing the signatures of Kebe and Seye.

{¶ 24} In accordance with R.C. 1303.31(A), "a 'person entitled to enforce' an instrument means any of the following persons: (1) the holder of the instrument, (2) a non-holder in possession of the instrument who has the rights of the holder, or (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of Section 1303.58 of the Revised Code." *United States Bank Natl. Assn. v. 3076 Representation Terrace Trust,* 10th Dist. No. 13AP-520, 2014-Ohio-2362, ¶ 10.

{¶ 25} In *3076 Representation Terrace Trust,* this court held that a plaintiff-bank was the holder of the note and entitled to enforce it, pursuant to R.C. 1303.31(A)(1), where the promissory note attached to the plaintiff's complaint was indorsed in blank and a representative of the servicing agent or bank submitted an affidavit that the plaintiff was in possession of the note at the time of the filing of the complaint.  *Id.  See also Bank of Am., N.A. v. Pasqualone,* 10th Dist. No. 13AP-87, 2013-Ohio-5795, ¶ 33 (finding appellee was holder of the promissory note and entitled to enforce it, pursuant to R.C. 1303.31(A)(1), where appellee submitted evidence, including affidavit, indicating it was in possession of promissory note containing a blank indorsement).

{¶ 26} In the present case, Central Mortgage presented evidentiary materials demonstrating it was the current holder of the promissory note (i.e., in possession of the

note indorsed in blank), and assignee of the mortgage at the time the amended complaint was filed. Further, we find no error with the trial court's determination that materials submitted with respect to a previously dismissed 2008 foreclosure action (in which there was no judicial adjudication on the merits) were not germane to the issue whether Central Mortgage held the promissory note on December 10, 2014.[2] Nonetheless, as noted by the trial court, the mere fact there may be differing copies of a note (i.e., one with indorsement and one without) does not, standing alone, create a genuine issue of material fact as to the authenticity of one of the notes. *Najar* at ¶ 59. *See also Bank of N.Y. Mellon v. Putman,* 12th Dist. No. CA2012-12-267, 2014-Ohio-1796 ¶ 19 (difference in two documents in which only one contained indorsement in blank did not create an issue of fact as terms of note remained unchanged and borrower's initials and signature appeared on both documents).[3] Accordingly, the trial court did not err in finding there was no genuine issue of material fact that Central Mortgage was entitled to enforce the note as holder.

{¶ 27} Based on the foregoing, appellants' first assignment of error is not well-taken and is overruled.

{¶ 28} Under the second assignment of error, appellants contend the trial court erred in finding Central Mortgage satisfied all conditions precedent to foreclosure. Specifically, asserting that any affidavit in support of summary judgment must have attached to it copies of all papers to which it refers, appellants argue that the affidavit of Kenny fails to contain specific business records to show when correspondence was mailed to Kebe and Seye regarding the notice of default. We disagree.

{¶ 29} Paragraph 6(C) of the promissory note provides for notice of default,[4] and states as follows:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay

---

[2] Because the copies of the promissory note submitted by Central Mortgage are identical, and in light of our determination that the trial court did not err in addressing the import of the materials submitted as part of the dismissed 2008 foreclosure, we do not find dispositive appellants' reliance on *Lackey* and *George.*

[3] We note that the copy of the promissory note submitted by appellants as part of the 2009 bankruptcy proceeding contains a "special indorsement" in favor of Central Mortgage, i.e., the promissory note contained an indorsement by Washtenaw Mortgage made payable "to the order of Central Mortgage."

[4] Paragraph 22 of the mortgage sets forth a similar notice requirement.

> immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

{¶ 30} The affidavit of Kenny averred in part that, according to Central Mortgage's business records and Kenny's review of such records, "correspondence dated May 21, 2014 was sent to Kebe and to Seye by First Class Mail, which correspondence informed Kebe and Seye * * * that their loan was in default for failure to make payments due," and that the "[f]ailure to cure the default by June 20, 2014 would result in acceleration of their loan account."  (Kenny Aff. at ¶ 16.)  Kenny further averred that "correspondence dated July 2, 2014 was sent to Kebe and Seye," informing them "that their loan account had been referred to counsel to begin foreclosure proceedings."  (Kenny Aff. at ¶ 17.)

{¶ 31} Attached to the affidavit was exhibit F, a copy of the May 21, 2014 notices of default addressed to Kebe and Seye, as well as exhibit G, a copy of the July 2, 2014 correspondence to Kebe and Seye informing them that "[d]ue to the delinquency of the loan, the above captioned property has been referred to the following attorney to begin foreclosure proceedings."  Also attached to the affidavit of Kenny was exhibit H, identified in the affidavit as "business records showing the generation of correspondence to Kebe and Seye." (Kenny Aff. at ¶ 20.)  That exhibit contains various log entries regarding the loan, including a notation that demand letters were generated on May 20, 2014.

{¶ 32} On review of the affidavit and supporting materials attached thereto, including copies of the notice of default and business records indicating the date the demand letters were generated, the record on summary judgment supports the trial court's determination that Central Mortgage presented sufficient evidence to establish that the notice of default satisfied the notice requirements of the note and mortgage.  *See Seimer* at ¶ 20 (affidavits submitted by bank averring that bank sent required notice of default and acceleration, along with "letter log" showing that it sent notice by first class mail on particular date, sufficient evidence on summary judgment that bank provided required notice); *United States Bank Natl. Assn. v. Weber*, 10th Dist. No. 12AP-107, 2012-Ohio-6024, ¶ 13 (bank presented evidence it properly notified borrower of default under terms of note and mortgage where bank submitted affidavit of loan servicing agent who averred that breach letter, attached to affidavit, was a true copy of letter mailed to

borrower); *RBS Citizens, N.A. v. Adams*, 3d Dist. No. 13-11-35, 2012-Ohio-1889, ¶ 14 (bank's affidavit and attached copy of letter providing notice of default "were proper summary judgment evidence").

{¶ 33} Appellants' second assignment of error is overruled.

{¶ 34} Under the third assignment of error, appellants assert the trial court erred in granting reformation of the mortgage where the acknowledgement clause failed to contain the signatures of Kebe and Seye. Appellants contend that the evidence relied on by the trial court to grant reformation ignored the statutory requirement under R.C. 5301.01 that a notary must properly acknowledge a mortgage.

{¶ 35} In response, Central Mortgage argues the trial court properly granted reformation of the mortgage pursuant to R.C. 2719.01. Noting that Kebe and Seye both signed the mortgage, and that the loan funds were used by them to purchase the property, Central Mortgage argues that the omission of the names of Kebe and Seye in the acknowledgement clause constituted a scrivener's error, and that the mortgage was intended to secure the entire fee simple interest in the property.

{¶ 36} In addressing the issue of acknowledgment, the trial court found that "due to scrivener's error and mutual mistake of fact, the acknowledgement clause of the Mortgage does not contain the names of Kebe and Seye." The court determined that "[i]n order to conform to the parties' intent, the Mortgage is reformed to include the names of Kebe and Seye in the acknowledgement clause of the Mortgage," and that "[t]he reformed Mortgage is valid and enforceable against Kebe, Seye, and third parties."

{¶ 37} Under Ohio law, "[r]eformation is available where it is shown that a written instrument does not express the true agreement entered into between the contracting parties by reason of a mutual mistake." *Wells Fargo Bank, N.A. v. Hammond,* 8th Dist. No. 100141, 2014-Ohio-5270, ¶ 41, citing *Wagner v. Natl. Fire Ins. Co.,* 132 Ohio St. 405, 412 (1937.)

{¶ 38} R.C. 5301.01(A) states in part:

> A deed, mortgage, land contract * * * or lease of any interest in real property * * * shall be signed by the grantor, mortgagor, vendor, or lessor in the case of a deed, mortgage, land contract, or lease * * *. The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor * * * before a * * * notary public * * * who shall certify the acknowledgement and

subscribe the official's name to the certificate of the acknowledgement.

{¶ 39} R.C. 2719.01 states in part: "When there is an omission, defect, or error in an instrument in writing * * * so that it is not in strict conformity with the laws of this state, the courts of this state may give full effect to such instrument or proceeding, according to the true, manifest intention of the parties thereto."

{¶ 40} Under Ohio law, the acknowledgement of an instrument "is not the same as the instrument itself." *Seabrooke v. Garcia,* 7 Ohio App.3d 167, 169 (9th Dist.1982). The Supreme Court of Ohio has noted that the acknowledgement required by R.C. 5301.01 "is for the purpose of affording proof of the due execution of the deed by the grantor, sufficient to authorize the register of deeds to record it." *Basil v. Vincello,* 50 Ohio St.3d 185, 188 (1990). Further, " 'a defectively executed conveyance of an interest in land is valid as between the parties thereto, in the absence of fraud.' " *Id.* at 188-89, quoting *Citizens Natl. Bank v. Denison*, 165 Ohio St. 89, 95 (1956). It has been noted that "[t]he reasoning behind such a rule is to bind the parties to that which they intended." *Seabrooke* at 169. Thus, while "[t]he purpose of the acknowledgement statute (R.C. 5301.01) is to provide evidence of execution and authority for recordation," it is not intended "to provide a way of escape for a party who later wishes to renege on his agreement." *Id.*

{¶ 41} Accordingly, in the absence of fraud, a defect resulting from the failure to include a notarized acknowledgment of a signature "does not render the terms of the mortgage unenforceable as between the parties." *Everbank v. Fleming,* 2d Dist. No. 2012-CA-10, 2013-Ohio-3030, ¶ 5. Ohio courts have therefore upheld the validity of a mortgage despite a defect in the acknowledgement clause. *See CitiMortgage, Inc. v. Kermeen*, 2d Dist. No. 2011 CA 2, 2012-Ohio-1655, ¶ 49 (finding that, although borrower's name was absent from acknowledgement clause, borrower's intent to convey entire fee simple interest in property was clear by express terms of mortgage as well as admitted facts, and therefore mortgage fully secured borrower's interest in the property); *Seabrooke* at 169 (finding mortgage valid between parties, even though not properly signed and acknowledged, where clear intent of borrower was to execute a valid mortgage).

{¶ 42} In the present case, according to averments in Kenny's affidavit, Seye and Kebe executed the mortgage, i.e., Seye signed the mortgage individually and as attorney-in-fact for Kebe, and appellants utilized the loan funds to purchase the subject property. In response to Central Mortgage's request for admission, Seye acknowledged signing the mortgage individually and in his capacity as attorney-in-fact for Kebe. Here, the evidence on summary judgment supports the trial court's determination that the intent of the parties was that the mortgage "secure the entire undivided fee simple interest in the property." (Decision & Entry Granting Pl.'s Mot. for Summ. Jgmt. at 4.) On review, the trial court did not err in granting, pursuant to R.C. 2719.01, reformation of the instrument to carry out the intention of the parties. *See Seabrooke* at 169 ("in Ohio a court may give full effect to a defective instrument in order to carry out the intentions of the parties").

{¶ 43} Appellants' third assignment of error is not well-taken and is overruled.

{¶ 44} Based on the foregoing, appellants' three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

TYACK, P.J., and DORRIAN, J., concur.

_____